[DO NOT PUBLISH]

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 28 2011

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 10-14196
Non-Argument Calendar

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 26, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-03590-ODE

SIRICA BUMPUS,

                                                Plaintiff-Appellant,

versus

HARRELL WATTS,
MR. PETERSON,
John Doe; employed as Dentist at
Bureau of Prisons at USP Atlanta,
JOHN R. RICE,
Correctional Officer at USP Atlanta,
G. DUNCAN,
Unit Manager at USP Atlanta,
LOREN GRAYER,
Warden, USP Atlanta, et al.,

                                                Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

(September 26, 2011)

Before EDMONDSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Sirica Bumpus, proceeding *pro se*, appeals the district court's dismissal of his civil rights complaint for failure to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915A.[1] Bumpus's civil rights complaint, filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1977), asserted that the defendants had been deliberately indifferent to his serious medical need by failing to provide him with routine preventive dental care while incarcerated, in violation of the Eighth Amendment.

Bumpus also asserted that he was denied equal protection as a result of prison officials requiring him and other inmates who worked on landscaping detail

---

[1] We review *de novo* a district court's dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), using the same standards that govern Fed.R.Civ.P. 12(b)(6) dismissals. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001). Under those standards, we accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008). The district court may dismiss the complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

to check-in with prison officials for accountability on their days off, while inmates in other jobs were not required to do so. Lastly, Bumpus asserted violations of his First Amendment rights, alleging that (1) a corrections officer filed disciplinary charges against him in retaliation for asserting a grievance; and (2) when Bumpus appealed the disciplinary action against him, the defendants further retaliated against him by removing him from landscaping detail, transferring him to a lower paying prison job, confiscating his legal materials, and placing him in "the hole" during a pretextual investigation. We address each of Bumpus's claims in turn.

## I. Eighth Amendment Claim

The Supreme Court has recognized that the Eighth Amendment's prohibition against cruel and unusual punishment requires the state to provide adequate medical care to incarcerated prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, not every claim by a prisoner that he has not received adequate medical treatment, will state a violation of the Eighth Amendment. *Id.* at 105.

The district court did not err by dismissing Bumpus's Eighth Amendment complaint for failure to state a claim. Because Bumpus only asserted that routine dental care would prevent future dental problems, he has failed to show an objectively serious medical need. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th

3

Cir. 2003) ("To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must . . . set forth evidence of an objectively serious medical need."). In addition, Bumpus was not denied access to dental treatment; prisoners were permitted one cleaning appointment per year, which was delayed only by the lack of a hygienist at the facility. Thus, he has not alleged facts that would support a finding that the defendants acted with deliberate indifference to his medical condition, as they did not disregard a risk to his future dental health, nor did their conduct amount to more than mere negligence. *See Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) ("To establish . . . deliberate indifference . . . the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence."). Therefore, we affirm the district court's dismissal of Bumpus's Eighth Amendment claim.

## II. Equal Protection Claim

To plead an equal protection claim, a plaintiff must allege that "through state action, similarly situated persons have been treated disparately." *Thigpen v. Bibb Cnty., Ga., Sheriff's Dep't*, 223 F.3d 1231, 1237 (11th Cir. 2010), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002). The Supreme Court has recognized "class of one" equal protection claims.

*Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). A plaintiff can establish a "class of one" claim by showing that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*

The district court did not err by dismissing Bumpus's "class of one" equal protection claim because Bumpus failed to show that he was similarly situated in all relevant aspects to inmates in other jobs who were not required to check-in on their days off. Bumpus acknowledged that as a member of the landscaping detail, he was permitted to work outside the prison, while others who were assigned to areas such as the kitchen were not permitted outside. Accordingly, we affirm the district court's dismissal of his equal protection claim.

## III. First Amendment Retaliation Claim

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." *Farrow*, 320 F.3d at 1248. It is well established that a prisoner exercises his First Amendment right when he complains about his conditions of confinement. *Id.* An inmate may maintain a cause of action for retaliation by showing that a prison official's actions were "the result of [the inmate's] having filed a grievance concerning the conditions of his imprisonment." *O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011) (internal

5

quotations omitted). To prevail on a retaliation claim, the inmate must establish that: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the official's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech. *Id.*

A.  Disciplinary Action

Bumpus argues that he was wrongly disciplined in retaliation for complaining about the prison's check-in policy for inmates on landscaping detail, which required inmates to check-in for accountability at 8:00am. The record reflects, however, that Bumpus's grievance was made in response to a correction officer informing him that he was late reporting for check-in. Thus, even if the officer impermissibly took into account Bumpus's grievance when disciplining him, the record reflects that Bumpus would have been disciplined without such comments, as the hearing panel concluded that he committed the charged infraction of being late. Accordingly, Bumpus cannot establish a retaliation claim under the First Amendment based on the disciplinary action against him, and we affirm the district court's dismissal of this portion of Bumpus's retaliation claim. *Id.* at 1217 (finding that the causal connection element of a retaliation claim cannot be established "if the official can show that he would have taken the

disciplinary action in the absence of the prisoner's protected conduct").

## II. Appeal of the Disciplinary Decision

The district court did err, however, in dismissing the portion of Bumpus's retaliation claim that was based upon his appeal of the disciplinary decision, which resulted in his removal from the landscaping detail, placement in "the hole," and confiscation of his legal materials. In dismissing this claim, the district court erroneously relied upon assumptions not set forth in the complaint, namely that Bumpus was removed from landscaping detail because he was late on several occasions, and that the investigatory search that led to his placement in "the hole" and the confiscation of his legal materials was not pretextual. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (stating that when considering a motion to dismiss the court limits its consideration to the pleadings and exhibits attached thereto).

The four corners of Bumpus's complaint do not contain any allegations supporting the district court's assumptions. Additionally, Bumpus's complaint was plausible on its face because there were no reasons provided for those actions alleged in the complaint, which would all constitute retaliatory conduct likely to deter a reasonable person from engaging in protected speech. *O'Bryant*, 637 F.3d at 1212. Bumpus also alleged temporal proximity given the short amount of time

between his appeal of the disciplinary decision and the alleged retaliatory actions. *Id.* Therefore, the district court erred by prematurely dismissing this portion of Bumpus's First Amendment retaliation claim. Accordingly, we vacate and remand as to this issue.

**AFFIRMED IN PART, REMANDED IN PART.**